```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON

MICHAEL R. LIVELY and JAMIE    )
L. LIVELY,                     )
                               )
     Plaintiffs,               )   Civil Action No. 08-422-JMH
                               )
                               )
v.                             )
                               )
                               )   MEMORANDUM OPINION AND ORDER
USAA CASUALTY INSURANCE        )
COMPANY,                       )
                               )
     Defendant.                )


                    **    **    **    **    **
```

This matter is before the Court on Defendant USAA Casualty Insurance Company's ["USAA"] motion to bifurcate and stay discovery on Plaintiffs' bad faith claim [Record No. 10]. Plaintiffs responded in opposition [Record No. 11]. The time for a reply having passed and none having been filed, this matter is ripe for review.

## I.   BACKGROUND

On Ocotober 28, 2007, a duplex owned by Plaintiffs Michael and Jamie Lively was destroyed by fire. The dwelling was insured against loss by fire under a contract of insurance between Plaintiffs and USAA (the "Policy"). Plaintiffs allege that following the destruction of the dwelling, USAA refused to pay the benefits due under the Policy, resulting in a breach of the contract of insurance. Plaintiffs also claim that in denying their claim, USAA acted in bad faith, violating Kentucky's Unfair Claims

Settlement Practices Act. In defense of its failure to pay, USAA submits that due to the incendiary nature of the fire and the fact that the dwelling had not been occupied since August, 2007, the following provisions of the contract of insurance absolved USAA of its obligation to pay Plaintiffs' claim.

> **COVERAGE A - DWELLING and**
> **COVERAGE B - OTHER STRUCTURES**
>
> We insure against risk of direct loss to property described in Coverages A & B only if that loss is a physical loss to property; however, we do not insure loss:
>   . . .
> 2.  caused by;
>   . . .
> f.  vandalism and malicious mischief, theft or attempted theft if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant.

Policy at 5.

## II.  ANALYSIS

USAA has moved to bifurcate the bad faith claim from the underlying contract claim and stay all discovery on the bad faith claim until the contract claim is resolved. USAA argues that unless and until Plaintiffs prevail on the breach of contract claim, it is unnecessary to reach the bad faith claim. Plaintiffs oppose bifurcation and a stay of discovery, arguing that in this first-party action, the central question in both claims will be whether USAA had a reasonable basis for denying their claim.

The parties agree that Kentucky law generally favors bifurcation in third-party actions in which the plaintiff asserts

a claim for liability against the insured defendant and a bad faith claim against the defendant's insurer. The Supreme Court of Kentucky so stated its preference in the case of *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993).

> A bifurcated procedure was the proper way to try the present [third-party] case. This procedure better protect[s] the rights of the two different defendants because it keeps out of the first trial evidence which was relevant to the issue of bad faith but unnecessary and possibly prejudicial ... in the trial of the preliminary question of liability.

*Id.* at 891 (internal quotations and citations omitted). *Wittmer* is distinguished from the instant case, however, because this is not a third-party action. This is a first-party action in which Plaintiffs' two claims are brought against the same defendant. The concerns addressed in *Wittmer* regarding the presentation of evidence against one defendant which may be prejudicial to another, simply are not present in the instant action.

Much like in the first party action of *Tharpe v. Illinois Nat. Ins. Co.*, 199 F.R.D. 213 (W.D.Ky. 2001), the issues of whether USAA was obligated under the terms of the Policy to pay Plaintiffs' claim and whether USAA acted in bad faith by refusing payment are "inextricably intertwined." *Tharpe*, 199 F.R.D. at 215. The evidence to be offered by USAA to establish that it did not breach the contract of insurance, presumably that there was evidence the dwelling had not been occupied for thirty days prior to the loss, as required by the Policy, will be the same evidence to establish

that USAA had a reasonable basis for denying Plaintiff's claim. *See Wittmer,* 864 S.W.2d at 890 (requiring Plaintiff asserting a bad faith claim against insurer to prove 1) that the insurer had a obligation to pay; 2) that the insurer lacked a reasonable basis for denying benefits; and 3) that the insurer knew it lacked a reasonable basis or acted with reckless disregard in denying benefits).

USAA contends that failure to bifurcate the claims will "likely lead the jury not to measure the Defendant's conduct in the case *sub judice*, but on a combination of situations that may be utilized to proved alleged acts of 'bad faith.'" USAA's concern can be addressed through carefully drafted jury instructions, when the need arises.

Whether to try issues or claims in a single case separately is a matter of discretion for the Court. *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.,* 76 F.3d 743, 747 (6th Cir. 1996). After careful consideration, the Court finds that there is no purpose to be served by bifurcation of the breach of contract and bad faith claims.

### III. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

That USAA's Motion to Bifurcate [Record No. 10] shall be, and the same hereby is, **DENIED.**

This the 24th day of April, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge